IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE,

      Plaintiff,                      No. CIV S-10-1623 LKK GGH PS

    vs.

JAMIE GARCIA, et al.,              FINDINGS &
      Defendants.                   RECOMMENDATIONS
_____/

INTRODUCTION AND SUMMARY

        Defendant Jamie Garcia, proceeding pro se, filed on June 25, 2010, a Notice of Removal of an unlawful detainer action filed against him in state court, as well as a request to proceed in forma pauperis.[1] The request to proceed in forma pauperis will not be addressed at the present time. U.S. Bank filed an ex parte application to remand the action to state court and for sanctions. Defendants did not file a response to plaintiff's application.[2]

        On August 13, 2010, this court issued an order to defendant Garcia to show cause

---

[1] Defendant Garcia's co-defendants are Rafael Sierra and Rosalie Lopez, but they did not participate in the notice of removal.

[2] The case has been referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

why he should not be sanctioned as requested by plaintiff, and enjoined from further removing the state court action to any federal court, based on his prior removal of the same state court action to the Northern District.[3]  Garcia was ordered to file a response to the order by August 26, 2010, and to personally appear at the September 2, 2010 hearing.  U.S. Bank's counsel, Kajal Islam, appeared telephonically.  Garcia made no appearance.  After hearing, the court now issues the following order and findings and recommendations.

CERTIFIED FACTS

Defendant Garcia was sued in state court in an unlawful detainer action for his refusal to make monetary payments on the subject foreclosed real property since November 3, 2008.  In response, defendant Garcia filed a notice of removal to this court, alleging discrimination through plaintiff's failure to provide him with 90 days notice to quit.  Garcia asserts federal question jurisdiction, and seeks removal based on the aforementioned ground.

U.S. Bank filed the instant motion for remand and for sanctions, alleging that this defendant previously removed the action to this court, which remanded it back to state court on May 28, 2010.  Plaintiff asserts that defendant's second attempt to remove the case warrants Rule 11 sanctions in the amount of $975.00.

In fact, defendant previously removed the same state court action to the Northern District of California.  See U.S. Bank National Association as Trustee v. Garcia, Civ.3:10-0785 SI.[4]  On May 28, 2010, the Northern District remanded the case to the Superior Court for the County of Sacramento for lack of subject matter jurisdiction.  The instant action is the second time that Garcia has attempted to remove the same state court action to a federal court.  Garcia did not respond in writing or personally appear at the September 2, 2010 hearing, as required by

---

[3] The proposed sanction of an injunction was on the court's own motion based on Garcia's apparent bad faith effort to delay the state court unlawful detainer case.

[4] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

the order to show cause, filed August 13, 2010. That order warned Garcia that his failure to personally appear at the sanctions hearing would be considered contempt of court and would be cause for further sanctions, including the possibility of incarceration. At the September 2, 2010 hearing, the undersigned noted on the record that it intended to certify facts and recommend contempt to the district judge. The undersigned also stated his intent to grant U.S. Bank's request for monetary sanctions, and to recommend an injunction to prevent Garcia from further removal of the state court action.

DISCUSSION

In sum, Garcia has wilfully violated a court order requiring his personal appearance at a hearing, and has failed to file any explanation for his failures. Moreover, Garcia intentionally removed the same state court unlawful detainer action to this court, knowing the removal was improper based on his previous attempt to remove the same action to another federal district court. Added to these flagrant violations is the larger problem of the underlying case which the government has been forced to bring based on Garcia's allegedly having lived in the house rent-free for almost two years. Now it appears that Garcia is playing a game of litigation ping pong by tying up various courts with the unlawful detainer action so that he can stay in the house rent free even longer. Garcia should have complied with the court's directive that he appear and explain his actions, and was warned that failure to do so might result in further sanctions including incarceration. This was his chance to possibly rectify his frivolous legal positions.

In light of the foregoing history of Garcia's failure to obey court orders and to appear at duly noticed hearings, the court will recommend that Garcia be held in contempt of court.

STANDARDS

Magistrate judges must refer contempt proceedings for actions conducted outside of court to district court judges. See  28 U.S.C. S 636(e) (6); Bingman v. Ward, 100 F.3d 653,

656-57 (9th Cir.1996).

Where contempt is imposed to vindicate the authority of the court following a completed act of disobedience, and the contemnor has no opportunity to purge himself of contempt, the contempt is criminal in nature. Bingman, 100 F.3d at 655-56. In this case, Jamie Garcia's acts of disobedience appear completed, and it may be appropriate to assess a fine which is unconditional and punitive, or incarceration, in order to vindicate the authority of the court. See id.

Only a district judge may enter orders of contempt in proceedings of this type. 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996); On Command Video Corp. v. LodgeNet Entertainment Corp., 976 F. Supp. 917 (N.D. Cal. 1997). The undersigned may investigate whether further contempt proceedings are warranted and certify such facts to a district judge. 28 U.S.C. § 636 (e). The undersigned has concluded further contempt proceedings are warranted and has certified the facts demonstrating disobedience with this court's orders to the District Judge assigned to this case.

CONCLUSION

Accordingly, IT IS RECOMMENDED that Jamie Garcia be adjudged in contempt of court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS ORDERED that:

1. Hearing on whether Jamie Garcia should be adjudged in criminal contempt of court is set before the District Judge assigned to this case, the Honorable Lawrence K. Karlton, on October 25, 2010, at 10:00 a.m.

2. Counsel for U.S. Bank is directed to personally serve a copy of this order on Jamie Garcia and expeditiously file a proof of service thereof; and

3. Jamie Garcia is cautioned that failure to appear at hearing before the District Judge may result in a warrant for his arrest.

DATED: September 3, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/U.S.Bank1623.con.wpd