UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE,

        Plaintiff,

    v.

JAMIE GARCIA, et al.,

        Defendants.
_____/

NO. CIV. S-10-1623 LKK/GGH PS

O R D E R

The magistrate judge has issued findings and recommendations, recommending that defendant be held in criminal contempt of court for failing to personally appear at a sanctions hearing on September 2, 2010. Findings and Recommendations, September 3, 2010, ECF No. 8. Defendant was previously warned that such failure would be considered contempt of court and be "cause for further sanctions, including the possibility of incarceration." Magistrate's Order, August 13, 2010, ECF No. 4. The court now considers the magistrate's recommendation that plaintiff be adjudged in criminal contempt. For the reasons stated below, the

1

court HOLDS the defendant criminal contempt of court for failure to appear at the September 2, 2010 hearing before the magistrate.

## I. Background

Plaintiff U.S. Bank filed a complaint for unlawful detainer against defendant in Sacramento Superior Court. Defendant removed the case to this court, alleging that the unlawful detainer action violated federal anti-discrimination law. Plaintiff has filed an ex-parte application for an order to remand the case to state court, and a request for attorney's fees and sanctions against defendant. In that application, plaintiff stated that this case had previously been removed to the Northern District Court on diversity grounds, but was remanded back to state court on May 28, 2010. Pl.'s Ex Parte Application, July 28, 2010, ECF No. 3. The magistrate issued an order for the defendant to show cause why he should not be sanctioned and enjoined from removing the state court action to any federal court. Magistrate's Order, August 13, 2010, ECF No. 4. The magistrate's proposed sanction to enjoin defendant from removing the case again was "based on Garcia's apparent bad faith effort to delay the state court unlawful detainer case." Magistrate's Findings and Recommendations, note 3, ECF No. 8. The magistrate set a hearing on sanctions for September 2, 2010, and warned the defendant that "[f]ailure to appear and respond will be considered contempt of court which will be cause for further sanctions, including the possibility of incarceration." Magistrate's Order, August 13, 2010, ECF No. 4. Defendant failed to appear at the September 2, 2010 hearing, and the magistrate now

recommends that he be adjudged in criminal contempt for failure to appear. The magistrate has certified the following facts to this court: that the defendant was sued in state court in an unlawful detainer action; that defendant filed a notice of removal to this court, asserting federal question jurisdiction because of an allegation that the unlawful detainer action was discriminatory; that defendant has previously removed this case to the Northern District Court, and that it was remanded back to state court for lack of subject matter jurisdiction; that the instant action is the second time that defendant has attempted to remove the same state court action to federal court; and that defendant did not respond or personally appear at a September 2, 2010 hearing as required by the magistrate's order to show cause. Magistrate's Findings and Recommendations 2-3, September 3, 2010, ECF No. 8. The magistrate set the matter to be heard in this court on October 25, 2010, and ordered defendant Garcia to appear. The defendant did not file any objections to the Findings and Recommendations of the magistrate, and failed to appear at this court's October 25, 2010 hearing.

## II. Analysis

**A. The Contempt Authority of Article III and Magistrate Judges**

The contempt power is inherent in Article III courts. See e.g., Michaelson v. United States ex rel. Chicago, St. P., M., & O. R. Co., 266 U.S. 42, 65-66 (1924) ("That the power to punish for contempts is inherent in all courts, has been many times decided and may be regarded as settled law. It is essential to the administration of justice."); In re Sequoia Auto Brokers

3

LTD, Inc., 827 F.2d 1281 (9th Cir. 1987)("The contempt power is inherent in article III courts, and not dependent on Congressional authorization.").

Magistrate judges also have contempt authority, but it is more limited than that of Article III judges. 28 U.S.C. § 636(e). For types of contempt that are not within the magistrate's authority to punish, the magistrate may certify facts to a district judge, who "shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e). The district court, then, analyzes the facts certified by the magistrate as if the conduct had occurred in the district court. "Under 28 U.S.C. § 636(e), failure to produce documents and refusal to appear before the [m]agistrate[] constitute contempt of the district court in which that [m]agistrate[] sits." Aldridge v, Young, et. al., 782 F.Supp. 1457 (D. Nevada 1991). In this case, defendant's failure to appear before the magistrate judge will be treated as if defendant had failed to appear before this court.

**B. Civil vs. Criminal Contempt**

Contempt is either civil or criminal, depending on the character of the punishment inflicted. "If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." Gompers v.

4

1  Bucks, 221 U.S. 418, 441 (1911). See also In re Sequoia at 827
2  F.2d 1283 ("Civil contempt is a refusal to do an act the court
3  has ordered for the benefit of a party; the sentence is
4  remedial. Criminal contempt is a completed act of disobedience;
5  the sentence is punitive to vindicate the authority of the
6  court".) While imprisonment can be ordered in both civil and
7  criminal contempt cases, it serves two different purposes. In
8  civil cases, imprisonment is remedial, and is ordered to coerce
9  the party to do an affirmative act required by court order. Once
10 the party complies with the court order, he may be released. By
11 contrast, in criminal contempt proceedings, imprisonment is
12 punitive, rather than remedial. It is "punishment for the
13 completed act of disobedience," and "the defendant cannot
14 shorten the term by promising not to repeat the offense."
15 Gompers 221 U.S. at 443.
16     In this case, the magistrate judge has recommended that
17 defendant Garcia be adjudged in criminal contempt for failing to
18 appear at the September 2, 2010 hearing on sanctions. Because
19 failure to appear is a 'completed act of disobedience,' which
20 defendant cannot later cure, the instant contempt charge is
21 criminal in nature. The court now turns to whether failure to
22 appear may be punished summarily under Fed. R. Crim. P. 42(b),
23 or whether the protections of Rule 42(a) apply.
24 **C. Failure to appear, when unexcused, occurs "in the presence of**
25 **the court."**
26     A district court judge may summarily punish criminal

5

contempt if the contempt occurs in the presence of the court. Fed. R. Crim. P. 42(b). For criminal contempt that occurs outside the presence of the court, Rule 42(a) applies. That rule requires the court to issue an order to show cause, giving the defendant notice stating the time and place of trial, allowing the defendant reasonable time to prepare a defense, and stating the essential facts constituting the charged criminal contempt and describing it as such. Additionally, Rule 42(a) requires that the court appoint an attorney to prosecute the case, and, for serious contempts, hold a jury trial.

In the Ninth Circuit, failure to appear is not ordinarily considered contemptuous conduct that occurs in the presence of the court and is therefore not subject to summary punishment. "[I]t is not counsel's absence from the courtroom at any appointed hour which constitutes contempt, if any. . . the contempt consists not in the absence from the courtroom, but in the reasons for the attorney's presence elsewhere, and the presence elsewhere was, of course, not in the presence of the court." In re Allis, 531 F.2d 1391, 1392 (9th Cir. 1976). Several other circuits have applied similar reasoning, holding that failure to appear is not subject to summary punishment because at the moment that a party fails to appear in court, the judge does not yet know whether or not the absence is excused. The Fourth Circuit, for example, reasoned that a criminal contempt finding requires willfulness on the part of the contemnor, see, e.g., United States v. Linney, 134 F.3d 274 (4th

6

1 Cir. 1998), and an absent party's willfulness is not within the
2 court's observation. "Although the fact of an attorney's or
3 party's absence from a scheduled proceeding may be obvious and
4 within the knowledge and presence of the court, the reason for
5 the absence is not." In re Gates, 600 F.3d 333, 339 (4th Cir.
6 2010) (internal citations omitted).

7     In the Second and Seventh Circuits, failure to appear is
8 punishable summarily. See, e.g., U.S. v. Agajanian, 852 F.2d 56,
9 59 (2nd Cir. 1988)("Here, the contumacious conduct, consisting
10 of failure to appear for trial without [prior] excuse . . .
11 clearly occurred in the court's presence."); In re Troutt, 460
12 F.3d 887, 893 (7th Cir. 2006)("Troutt's failure to appear at the
13 November 12 hearing . . . occurred in Judge Reagan's presence
14 and . . . disrupted the court's proceedings.").

15     In this case, defendant has been given an opportunity to
16 provide an excuse for his failure to appear, but has not done
17 so. Although at the time that defendant failed to appear at the
18 September 2, 2010 hearing, the magistrate did not know that the
19 absence was unexcused, the defendant has not offered any excuse,
20 has not filed any objections to the magistrate's recommendation
21 that defendant be held in contempt, and did not appear in this
22 court on October 25, 2010 to oppose the magistrate's
23 recommendations. It now appears that defendant's failure to
24 appear before the magistrate was willful and unexcused.
25 Defendant is therefore subject to summary criminal contempt
26 punishment under Fed. R. Crim. P. 42(b). Defendant's repeated

failure to comply with the court's orders has interfered with the administration of justice.

### III. Conclusion

Accordingly, the court orders as follows:

[1] Defendant Garcia is ADJUDGED in criminal contempt of court, and SENTENCED to five (5) days imprisonment for his unexcused failure to appear before the magistrate judge on September 2, 2010.

[2] Defendant's sentence is STAYED until November 8, 2010.

[3] Defendant is ORDERED to appear before this court on November 8, 2010 to assure the court that he will remand the unlawful detainer action, <u>U.S. Bank NA v. Jaime Garcia</u>, 09UD10568, back to Sacramento Superior Court, and that he will not again attempt to remove it to any federal court. [4] Defendant is warned that failure to appear will result in a warrant being issued for his arrest.

IT IS SO ORDERED.

DATED: October 26, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8