1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9   U.S. BANK NATIONAL ASSOCIATION
    AS TRUSTEE,
10

11            Plaintiff,                    No. CIV S-10-1623 LKK GGH PS

12        vs.

13
    JAMIE GARCIA, et al.,                   FINDINGS &
14
              Defendants.                   RECOMMENDATIONS
15   _____/

16            Defendant Jamie Garcia,[1] proceeding pro se, was adjudged in criminal contempt

17   by the district court on October 27, 2010 for his failure to appear as ordered.  A warrant for his

18   arrest is currently outstanding.  Remaining in this action is plaintiff U.S. Bank's application for

19   remand to state court, filed July 28, 2010.[23]

20   \\\\\

21   \\\\\

22   _____

23       [1]  Defendant Garcia's co-defendants are Rafael Sierra and Rosalie Lopez, but they did not
     participate in the notice of removal.

24       [2]  Garcia's outstanding request to proceed in forma pauperis will not be addressed as the
     court recommends that this case be remanded to state court.
25

26       [3]  The case has been referred to this court by Local Rule 72-302(21), pursuant to 28
     U.S.C. § 636(b)(1).

                                                1

BACKGROUND[4]

Defendant Garcia was sued in state court in an unlawful detainer action for his refusal to make monetary payments on the subject foreclosed real property since November 3, 2008. In response, defendant Garcia has filed the instant petition for removal, alleging discrimination through plaintiff's failure to provide him with 90 days notice to quit. Garcia asserts federal question jurisdiction, and seeks removal based on the aforementioned ground.

U.S. Bank filed the instant motion for remand and for sanctions, alleging that this defendant previously removed the state court action to the federal court in the Northern District,[5] which remanded it back to state court on May 28, 2010. Plaintiff asserts that defendant's second attempt to remove the case warrants Rule 11 sanctions in the amount of $975.00.

On August 13, 2010, this court issued an order to defendant Garcia to show cause why he should not be sanctioned as requested by plaintiff, and enjoined from further removing the state court action to any federal court, based on his prior removal of the same state court action to the Northern District.[6] Garcia was ordered to file a response to the order by August 26, 2010, and to personally appear at the September 2, 2010 hearing. U.S. Bank's counsel, Kajal Islam, appeared telephonically. Garcia did not file a response and made no appearance.

In a previous opinion, the undersigned found that defendant previously removed the same state court action to the Northern District of California. See U.S. Bank National

\\\\\

\\\\\

---

[4] Some of the background is repeated from this court's previous findings and recommendations, filed September 3, 2010, recommending that defendant be adjudged in contempt of court.

[5] Although U.S. Bank's papers repeatedly refer to a prior removal to "this" court, the court's own research indicates that Garcia previously removed the state court action to the Northern District. See U.S. Bank v. Garchia, Civ.10-785 SI.

[6] The proposed sanction of an injunction was on the court's own motion based on Garcia's apparent bad faith effort to delay the state court unlawful detainer case.

1  Association as Trustee v. Garcia, Civ.3:10-0785 SI.[7]  On May 28, 2010, the Northern District

2  remanded the case to the Superior Court for the County of Sacramento for lack of subject matter

3  jurisdiction.  The instant action is the second time that Garcia has attempted to remove the same

4  state court action to a federal court.  Garcia did not respond in writing or personally appear at the

5  September 2, 2010 hearing, as required by the order to show cause, filed August 13, 2010.  That

6  order warned Garcia that his failure to personally appear at the sanctions hearing would be

7  considered contempt of court and would be cause for further sanctions, including the possibility

8  of incarceration.  At the September 2, 2010 hearing, the undersigned noted on the record that it

9  intended to certify facts and recommend contempt to the district judge.  The undersigned also

10  stated his intent to grant U.S. Bank's request for monetary sanctions, and to recommend an

11  injunction to prevent Garcia from further removal of the state court action.

12          On September 3, 2010, the undersigned referred the case to the district judge,

13  recommending that Garcia be adjudged in contempt.  The matter was set for hearing on October

14  25, 2010, before the district court, and Garcia was served with the order and findings and

15  recommendations which warned him that a consequence of not appearing at the hearing might

16  result in a warrant for his arrest.  Garcia did not appear at the hearing, and on October 27, 2010,

17  Judge Karlton issued an order adjudging Garcia in criminal contempt and sentencing him to five

18  days in prison.  The sentence was stayed until November 8, 2010 when Garcia was again ordered

19  to appear.  Garcia was advised one more time that failure to appear would result in a warrant for

20  his arrest.  When Garcia did not appear at the November 8, 2010 hearing, the court issued an

21  arrest warrant.   That warrant is outstanding.

22  DISCUSSION

23      I.  Jurisdiction

24          Although there are criminal contempt proceedings ongoing before the district

25  _____

26          [7]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   court, the undersigned may dispose of the outstanding matters pending in this case without

2   affecting those proceedings.  In fact, dismissal or remand of this action will not affect the

3   contempt proceedings as they are considered collateral and may be dealt with after an action is no

4   longer pending.  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396, 110 S.Ct. 2447, 2456

5   (1990).  A criminal contempt proceeding is "a separate and independent proceeding at law," not

6   part of the original action because it is not dependent on a certain outcome on the merits of that

7   action.  Bray v. United States, 423 U.S. 73, 75-76, 96 S.Ct. 307, 309 (1975).  Such contempt

8   proceedings survive even where the order has been set aside on appeal or the original action has

9   become moot.  Id. at 76, 310, *citing* Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 319

10  S.Ct. 492 (1911).  Even where orders expire or are set aside, "convictions for criminal contempt

11  intervening before that time may stand."  United States v. United Mine Workers of America, 330

12  U.S. 258, 294, 67 S.Ct. 677, 696 (1947).  See also Cooter & Gell v. Hartmarx Corp., 496 U.S.

13  384, 396, 110 S.Ct. 2447, 2456 (1990) (holding that "[a] court may make an adjudication of

14  contempt and impose a contempt sanction even after the action in which the contempt arose has

15  been terminated").  The reasoning is that contempt is similar to costs, attorney's fees, and Rule

16  11 sanctions in that a decision on these matters does not amount to a judgment on the merits of

17  the action.  Instead, contempt concerns the collateral issue of whether there has been abuse of the

18  judicial process.  Id.

19          Based on this authority, pending matters in this case may be determined at the

20  present time, including the possibility of dismissal or remand, without affecting the criminal

21  contempt proceedings.

22      II.  Remand

23          Garcia filed the notice of removal on the ground that the complaint does not

24  address his claim of discrimination by U.S. Bank in failing to provide him with a 90 day notice to

25  quit.  Garcia cites various sections of the "Helping Families Save Their Homes Act of 2009," in

26  the petition, but he has not filed a response to U.S. Bank's petition for remand.

1    A district court has an independent duty to examine its own jurisdiction and

2    remand a removed action "since removal is permissible only where original jurisdiction exists at

3    the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v.

4    National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting

5    Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966

6    (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris

7    v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

8    Removal jurisdiction statutes are strictly construed against removal. See Libhart

9    v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be

10    rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980

11    F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party

12    invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994)

13    (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

14    Garcia invokes the court's jurisdiction under 28 U.S.C. § 1331. A plaintiff may

15    bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that

16    situation, the court has original jurisdiction. A defendant cannot invoke the federal court's

17    original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The

18    requirements to invoke removal jurisdiction are often identical to those for invoking its original

19    jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

20    Removal of a state court action is proper only if it originally could have been filed

21    in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by

22    removal, only those cases in which a well-pleaded complaint establishes either that federal law

23    creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

24    of a substantial question of federal law." Franchise Tax Board v. Construction Laborers

25    Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal

26    law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

1    93 (3d Cir. 1992).  A defense to an action, based on constitutional rules of general applicability,

2    is not a sufficient basis to remove an action to federal court.  See id.; Berg v. Leason, 32 F.3d

3    422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one

4    based on federal preemption   . . . renders an action brought in state court removable.").

5    Defendant has not shown that he is unable to raise his federal constitutional rights in state court.

6            This court has no jurisdiction over unlawful detainer actions which are strictly

7    within the province of state court.  Garcia's apparent attempt at creating federal subject matter

8    jurisdiction by simply adding claims and defenses to a petition for removal will not succeed,

9    especially in light of his prior removal history.  See McAtee v. Capital One, F.S.B., 479 F.3d

10   1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not

11   permit removal).

12           Accordingly, the court finds that remand is appropriate because the case is not one

13   which arises under federal law.  Pursuant to 28 U.S.C. § 1447(c), where it appears the court lacks

14   subject matter jurisdiction, the court shall make an order for remand.  The petition for removal

15   and the state court record filed in this case demonstrate that the underlying proceedings are not

16   removable to this court.

17       III.  Sanctions

18           Rule 11 provides that a pleading filed with the court "certifies that to the best of

19   the person's knowledge, information, and belief, formed after an inquiry reasonable under the

20   circumstances," it is not presented for an improper purpose, the claims are warranted by existing

21   law or an argument to modify the law that is non-frivolous, and the factual allegations will have

22   evidentiary support.  Fed. R. Civ. P. 11(b).  The court may, on its own initiative, order a party to

23   show cause why specified conduct does not violate Rule 11.  Id., (c)(3).

24           As set forth above, Garcia previously removed the same state court action to the

25   Northern District of California.  The Northern District's remand of the case to the Superior Court

26   for the County of Sacramento put Garcia on notice that removal was improper.  Nonetheless,

6

1   Garcia removed the action again, but removed it to this court instead.  Garcia had the opportunity
2   to respond to the Bank's motion for remand and for sanctions, but declined to do so.  Garcia did
3   not appear at the hearing on the matter, did not appear at the contempt hearing before the district
4   judge, and did not appear at the second hearing before the district court.   Garcia has filed no
5   response to any orders issued in this case.  Without other explanation, the undersigned can only
6   assume that defendant filed the second removal in order to delay the inevitable eviction from the
7   dwelling where he may be residing unlawfully.  Therefore, plaintiff will be compensated for the
8   time spent in having to seek remand of this action.  The declaration of attorney Kajal Islam
9   indicates that he spent over 6.5 hours in reviewing the removal and preparing the remand and
10  request for sanctions, at a rate of $150 per hour.  This request is reasonable under the
11  circumstances.

12          IV.  Injunction

13              Garcia's bad faith effort to delay the state court unlawful detainer case by
14  repeatedly removing it to various federal courts requires an injunction.  Therefore, it is
15  recommended that Garcia be prevented from further removing the state court action to any
16  federal court.

17  CONCLUSION

18              IT IS HEREBY RECOMMENDED that:

19              1.  The state action be summarily remanded to the Superior Court for the County
20  of Sacramento;

21              2.  The Clerk serve a certified copy of this order to the clerk of the Sacramento
22  County Superior Court, and reference the state case number (09UD10568) in the proof of
23  service;

24              3.  Defendant Garcia be enjoined from removing state court case number
25  09UD10568, filed in Sacramento County Superior Court, to any federal court;

26              4.  Defendant Garcia be ordered to pay sanctions to U.S. Bank in the amount of

1   $975.00; and

2         5.  The Clerk be directed to close this case.

3         These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

5   fourteen (14) days after being served with these findings and recommendations, any party may

6   file written objections with the court and serve a copy on all parties.  Such a document should be

7   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

8   objections shall be served and filed within fourteen (14) days after service of the objections.  The

9   parties are advised that failure to file objections within the specified time may waive the right to

10  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: 12/07/2010

12                                          /s/ Gregory G. Hollows
                                          _____
13  GGH:076/U.S.Bank1623.rem.wpd           UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26